UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TRACEY L BROWN, et al. | Case No. 2:21-cv-01182-RFB-DJA |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| ELY STATE PRISON, et al., | |
| Defendants. | |

## I.  DISCUSSION

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by two state prisoners. One of the Plaintiffs, Tracey Brown, filed a motion requesting permission to file an amended complaint. (ECF No. 10.) On December 28, 2021, the Court denied the motion without prejudice and gave Plaintiffs 60 days to file an amended complaint. (ECF No. 13.) The Court informed Plaintiffs, among other things, that any amended complaint must be complete in itself, and must contain all claims, defendants, and factual allegations that Plaintiffs wish to pursue in this case. The Court also noted that pursuant to Federal Rule of Civil Procedure 11, any amended complaint must be signed by both Plaintiffs. (Id.)

On January 3, 2022, Plaintiff Tracey Brown filed a second motion requesting leave to file an amended complaint, together with an amended complaint. (ECF Nos. 14, 14-1.) It appears that Tracey Brown filed this motion and amended complaint before receiving the Court's December 28, 2021 order.  On January 6, 2022, Tracey Brown filed a motion for clarification asking whether the Court would accept the amended complaint that he filed on January 3, 2022. (ECF No. 15.) In light of this order, the Court denies the motion for clarification as moot.

The proposed amended complaint that Tracey Brown filed does not appear to be a complete amended complaint, nor was it signed by both Plaintiffs. It appears that Tracey Brown is requesting that the document filed at ECF No. 14-1 be added to the initial

complaint. (ECF No. 14-1 at 1.) As such, the Court does not accept it as an operative amended complaint in this case. As the Court stated in its previous order, any amended complaint must be complete in itself, and must contain all claims, defendants, and factual allegations that Plaintiffs wish to pursue in this case. Furthermore, both Plaintiffs must sign any amended complaint.

On February 2, 2022, Plaintiff Tracey Brown filed a motion asking to be allowed to proceed together with Plaintiff Tony Brown in this case. (ECF No. 16.) The motion notes that he and Plaintiff Tony Brown are in different prisons. (ECF No. 16.) Tracey Brown states that he does not know how he will be able to coordinate a timely response with Tony Brown to any motions the Defendants file, and he asks for the Court's advice with this situation. (Id. at 1-2.) The Court cannot advise Plaintiff on how to best proceed with this action or coordinate with his co-Plaintiff. To the extent that Tracey Brown and Tony wish to proceed together they may do so, but they must comply with Rule 11 of the Federal Rules of Civil Procedure, which requires that *pro se* litigants each sign any pleading filed on their behalf. Accordingly, Plaintiff Tracey Brown's motion is denied as moot.

On February 7, 2022, Plaintiff Tony Brown filed a motion requesting that he be allowed to continue this suit together with Plaintiff Tracey Brown. (ECF No. 17.) This motion is also denied as moot. The motion also includes a complaint signed by Tony Brown. (Id. at 6-11.) Plaintiff Tracey Brown did not sign this complaint. (Id. at 11.) As such, the Court cannot accept it as the operative complaint. Furthermore, the Court notes that while there is some overlap between the complaints filed by Tracey Brown and Tony Brown, the complaints are quite different. Compare ECF No. 14-1, with ECF No. 17. This demonstrates why it is necessary for both Plaintiffs to sign off on any amended complaint.

The Court will grant Plaintiffs an extension until May 15, 2022, to file a single, complete, amended complaint that they have each signed. If Plaintiffs do not file a single, complete, amended complaint, signed by both Plaintiffs by May 15, 2022, the Court will screen the initial complaint (ECF No. 1-1.)

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for leave to file an amended complaint (ECF No. 14) is denied without prejudice.

It is further ordered that motion for clarification (ECF No. 15) is denied as moot.

It is further ordered that the motions to allow the Plaintiffs to proceed together (ECF Nos. 16, 17) are denied as moot.

It is further ordered that the Court grants the Plaintiffs an extension until May 15, 2022, to file a single, complete, amended complaint that both of them have signed. If the Plaintiffs do not file a single, complete, amended complaint, signed by both Plaintiffs, by May 15, 2022, the Court will screen the initial complaint.

DATED THIS 28th day of February 2022.

RICHARD F. BOULWARE, II
United States District Court