UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TRACEY L. BROWN, et al.,

                  Plaintiffs,

    v.

GIETHER, et al.,

                  Defendants.

Case No.  2:21-cv-01182-RFB-DJA

ORDER

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiffs Tracey L. Brown and Tony O. Brown, who are both state prisoners. Each Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF Nos. 6, 12).  Based on the financial information provided, the Court finds that neither Plaintiff can prepay the full filing fee in this matter, and the Court grants each Plaintiff's motion to proceed *in forma pauperis*.  Each Plaintiff will be required to pay his own $350 filing fee when he has funds available.[1]

---

[1] The Prison Litigation Reform Act ("PLRA") directs that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Eleventh Circuit held in *Hubbard v. Haley* that this language plainly requires "each prisoner proceeding [*in forma pauperis*] to pay the full filing fee" in a multi-plaintiff action, and to the extent that Federal Rule of Civil Procedure 20 conflicts with the PLRA, "the statute repeals the Rule." 262 F.3d 1194, 1197–98 (11th Cir. 2001). The Eleventh Circuit thus affirmed the district court's decision dismissing the action, finding that each plaintiff was required to file a separate complaint and pay a separate filing fee. *Id.* at 1198.

    The Seventh Circuit took a different approach in *Boriboune v. Berge*, concluding that the PLRA neither repealed nor modified Rule 20, it found that *Hubbard* got one point right: "one price of *forma pauperis* status is each prisoner's responsibility to pay the full fee in installments (or in advance, if § 1915(g) applies), no matter how many other plaintiffs join the complaint." 391 F.3d 852, 855–56 (7th Cir. 2004). The Seventh Circuit concluded that, "[i]nstead of adopting a no-joinder rule, the district court should have ensured that each of the four prisoners was assessed one full filing fee under § 1915(b)(1)." *Id.* at 856. In *Hagan v. Rogers*, the Third Circuit followed the Seventh Circuit's approach. 570 F.3d 146, 154–56 (3d Cir. 2009).

    The Ninth Circuit has not yet addressed this issue, but jurists in this district have followed the Seventh Circuit's approach in *Boriboune*, permitting prisoners to join their claims in a single action if Rule 20's requirements are met but requiring each plaintiff to

The Court entered a screening order on March 31, 2023.  (ECF No. 26).  The screening order imposed a stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator.  (ECF Nos. 26, 31). The parties have participated in a mediation session, but they did not reach a settlement. (ECF No. 46).

For the foregoing reasons, **IT IS ORDERED** that:

1.      Plaintiff Tracey L. Brown's application to proceed *in forma pauperis* (ECF No. 12) is **GRANTED**.  Tracey Brown shall not be required to pay an initial installment of the filing fee.  In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2.      Tracey Brown is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

3.      Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Tracey L. Brown, #67358** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

4.      Plaintiff Tony O. Brown's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**.  Tony Brown shall not be required to pay an initial installment of the filing fee.  In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

///

pay his or her own filing fee. *See, e.g., Lyons v. Baca*, Case No. 3:15-cv-00126-MMD-VPC, 2016 WL 845312, at *3–4 (D. Nev. Mar. 1, 2016); *Meadows v. Lombardo*, Case No. 2:23-cv-00755-RFB-MDC (ECF No. 7 at 2-4). The Court will follow *Boriboune's* approach and allow the Plaintiffs to proceed together but require each Plaintiff to pay his own filing fee.

5.     Tony Brown is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

6.     Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Tony O. Brown, #69493** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

7.     The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiffs' complaint (ECF No. 27) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

8.     Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

9.     Subject to the findings of the screening order (ECF No. 26), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiffs of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

10.     If service cannot be accepted for any of the named defendant(s), Plaintiffs shall file a motion identifying the unserved defendant(s), requesting issuance of a

summons, and specifying a full name and address for the defendant(s).   For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiffs shall provide the full name and address for the defendant(s).

11.   If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 27) within sixty (60) days from the date of this order.

12.   Plaintiffs shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.   If Plaintiffs electronically file a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiffs mail the document to the Court, Plaintiffs shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiffs shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

13.   This case is no longer stayed.

DATED this 20th day of March 2024.

_____
UNITED STATES MAGISTRATE JUDGE